**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Landon Young, et al.,

Plaintiffs,

vs.

Chemguard, Inc., et al.,

Defendants.

No. CV-21-00568-PHX-SPL

**ORDER**

## I. BACKGROUND

Plaintiff Landon Young, a firefighter, alleges he developed testicular cancer as a result of exposure to chemicals contained in Defendants' aqueous film-forming foams ("AFFFs"). (Doc. 1-3 at 2). On December 23, 2020, Plaintiffs filed a Complaint in the Superior Court of Arizona alleging design defect, failure to warn, negligent plan or design of product, punitive damages, and loss of consortium. (Doc. 1-3).

On April 1, 2021, Defendant Chemguard, Inc. removed the action to this Court. (Doc. 1). Chemguard alleges that Mr. Young may have been exposed to toxic chemicals in the City of Goodyear's water supply, and that those chemicals likely came from Chemguard's AFFFs used at Luke Air Force Base. (Doc. 1 at 2). Chemguard therefore argues it is immune to tort liability under the federal "government contractor" defense recognized in *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988). (Doc. 1 at 2).

Defendants argue this Court has federal question jurisdiction because "Chemguard intends to defend itself on the ground that Mr. Young's alleged injury has been caused in

whole or in part by his exposure to water that contains PFAS [per- and polyfluoroalkyl substances] originating in MilSpec AFFF used at Luke AFB." (Doc. 33 at 2). Thus, Defendants argue the "basis of removal here is that Mr. Young's alleged injury was caused, at least in part, by conduct Chemguard undertook as a contractor under the authority of the Department of Defense ('DOD')." (Doc. 33 at 2).

On April 21, 2021, Defendant Perimeter Solutions LP filed a Motion to Stay (Doc. 24). The Motion alleges that the "Judicial Panel on Multi-District Litigation ('JPML') recently issued a conditional transfer order ('CTO') identifying this case as appropriate for transfer to the MDL" and that the Court should "stay all proceedings in this action until the JPML makes a final decision on transfer." (Doc. 24 at 2) (internal citations omitted).

On April 30, 2021, Plaintiffs filed the instant Motion to Remand (Doc. 30). Plaintiffs argue this Court lacks removal jurisdiction because "Plaintiffs' Complaint contains no mention of groundwater contamination, let alone any allegation that Mr. Young's cancer could be attributed to ingestion of contaminated groundwater" and, thus, Chemguard has "invented its grounds for removal out of whole cloth." (Doc. 30 at 2). Plaintiffs argue that "[i]f it were plausible that Mr. Young's cancer developed from his potential ingestion of contaminated groundwater rather than his 14-year direct dermal exposure of highly concentrated AFFF, the Plaintiff would have pled as such." (Doc. 30 at 2).

## II. STANDARD OF REVIEW

"[D]istrict courts, when faced with simultaneous motions to remand and motions to stay pending transfer to MDL, have employed the additional, three-step methodology advanced in *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1049 (E.D. Wis. 2001)." *Tucson Med. Ctr. v. Purdue Pharma LP*, No. CV-18-00532-TUC-RCC, 2018 WL 6629659, at *2 (D. Ariz. Dec. 19, 2018). Under the *Meyers v. Bayer* framework, "a court should [first] . . . give preliminary scrutiny to the merits of the motion to remand . . . [i]f this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." *Meyers*, 143 F.Supp.2d at 1049; *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F.Supp.2d 1049, 1053 (N.D. Cal. 2004).

For the foregoing reasons, removal was improper in this case and the Court therefore need not consider Defendants' Motion to Stay. The Court will remand the case.

**III. DISCUSSION**

When removal is based on federal question jurisdiction, "the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). However, "[s]uits against federal officers are exceptional in this regard. Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Id.*

The Supreme Court "has held that the right of removal is absolute for conduct performed under color of federal office." *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981). However, under Ninth Circuit caselaw, "a party seeking removal under section 1442 must demonstrate that . . . there is a causal nexus between its actions, taken pursuant to a federal officer's directions, *and plaintiff's claims*." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (emphasis added). In other words, the defendant cannot manufacture a claim that does not already exist in the complaint, so that the defendant can then assert a federal defense to that claim to serve as a basis for federal jurisdiction. *See Acker*, 527 U.S. at 431 (finding that the defendant "must both raise a colorable federal defense, *and* establish that the suit is for a[n] act under color of office. To satisfy the latter requirement, the officer must show a nexus, a causal connection *between the charged conduct* and asserted official authority") (emphasis added) (internal quotations and citations omitted); *Freiberg v. Swinerton & Walberg Prop. Servs.*, 245 F.Supp.2d 1144, 1152 (D. Colo. 2002) (finding that the "causal nexus" between a federal officer's directions and the private actor "must be predicated on a showing that *the acts forming the basis of the state suit* were performed pursuant to an officer's direct orders or comprehensive and detailed regulations") (internal quotations and citations omitted).

Here, Plaintiffs' Complaint makes no mention of groundwater contamination.

Instead, the "acts forming the basis of the state suit" involve Plaintiff being "exposed to AFFFs in training sessions, while fighting fires, and, after a fire was extinguished, by 'painting' rooms, which entails coating every surface with a thick concentration of foam to prevent fires from rekindling." (Doc. 1-3 at ¶ 2). Defendants argue that Plaintiff "has also plausibly been exposed to PFAS from another source—the water that he has ingested and has used for firefighting." (Doc. 1 at 2). But even if Plaintiff "plausibly" ingested these chemicals from the water, it does not change the fact that he could have also plausibly ingested them from the foam he used in firefighter training which, as Defendants concede, contain the same chemicals. And Plaintiffs deliberately chose only to allege exposure via the firefighting AFFFs.

The other Chemguard cases cited by Defendants wherein courts denied remand provide no relief here because, in those cases, the plaintiffs alleged that the contaminants were also in the groundwater. For example, in *Nessel v. Chemguard, Inc.*, the Michigan District Court denied remand because the plaintiffs alleged that the PFAS in the AFFFs "readily migrate in soil, surface water, and groundwater," and that "once these chemicals are released into the environment, they migrate into and cause extensive contamination and injury to State natural resources and property." No. 1:20-CV-1080, 2021 WL 744683, at *1 (W.D. Mich. Jan. 6, 2021). The court denied remand in part because the plaintiffs "admit that the chemicals in AFFF get into groundwater and spread contamination throughout the state." *Id.* at *3; *see also Ayo v. 3M Co.*, No. 18-CV-0373(JS)(AYS), 2018 WL 4781145, at *2 (E.D.N.Y. Sept. 30, 2018) (denying remand based on federal officer defense because "Plaintiffs aver that the decades of use, storage, and disposal of Manufacturing Defendants' PFC-based AFFF products at Gabreski have caused the chemicals to enter the groundwater and contaminate the Aquifer"). Plaintiffs in this case make no allegations about groundwater. Accordingly, Defendants' acts as alleged in the Complaint were not performed pursuant to a federal officer's direct orders, so the groundwater defense cannot serve as the basis for this Court's jurisdiction.

///

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (Doc. 30) is **granted**. The Clerk of Court shall remand this case to Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that Defendant Perimeter Solutions LP's Motion to Stay (Doc. 24) is **denied as moot**.

Dated this 21st day of May, 2021.

Honorable Steven P. Logan
United States District Judge